UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUDY CORTINAS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 4:16-CV-1718 (CEJ) |
| BEHR PROCESS CORPORATION, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition and the matter is fully briefed.

### I. **Background**

Plaintiff initiated this action in a Missouri state court, asserting violation of the Missouri Merchandising Practices Act (MMPA) (Count I) and breach of express and/or implied warranty (Count II). The action was removed to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441.

According to the amended complaint, plaintiff purchased the defendant's Premium DeckOver Coating in 2013 in order to refinish a deck at his home. Plaintiff alleges that, in purchasing the product, he relied on certain representations and warranties made by defendant with respect to the suitability and durability of the product. Plaintiff further alleges that the product did not conform to the representations and warranties and that his property was damaged as a result. Plaintiff seeks an award of actual and punitive damages.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

### A. Count I: Missouri Merchandising Practices Act

The MMPA, Mo. Rev. Stat. § 407.025, makes unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise

in trade or commerce[.]" Mo. Rev. Stat. § 407.020.1. The MMPA bars an "assertion that is not in accord with the facts" and deceptions in advertising that have a tendency "to create a false impression." Mo. Code Regs. Ann. tit. 15, § 60-9.070. In the amended complaint, plaintiff alleges twelve separate misrepresentations made by defendant in connection with the purchase of the product at issue. Defendant argues that the alleged misrepresentations are insufficient to support an MMPA claim because they do not qualify as an unfair practice.

In order to state a claim under the MMPA, a plaintiff must show (1) that he purchased the merchandise in question; (2) that he purchased the merchandise for personal, family, or household use; (3) that he suffered an ascertainable loss; and (4) that the ascertainable loss was the result of an unfair practice. *Polk v. KV Pharm. Co.*, No. 4:09-CV-00588 SNLJ, 2011 WL 6257466, at *4 (E.D. Mo. Dec. 15, 2011) (citing Mo. Ann. Stat. § 407.025(1)). The first three factors are not disputed.

As to the fourth element, "plaintiff must allege that defendant 'used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the purchase of the product or service at issue.'" Mo. Rev. Stat. § 407.020; *see also Stephens v. Arctic Cat Inc.*, No. 4:09CV02131 AGF, 2012 WL 628867, at *4 (E.D. Mo. Feb. 27, 2012) (citing *Scanio v. Zale Delaware, Inc.,* No. 4:12CV37CDP, 2012 WL 368741, at *2 (E.D.Mo. Feb. 3, 2012)). Defendant argues that plaintiff does little more than allege that he purchased a product that did not live up to his expectations. However, plaintiff specifically alleges that defendant made false

promises, representations, and guarantees based upon specific statements made to him while determining whether to purchase the product.

Defendant argues that a number of representations detailed by plaintiff are "mere puffery," which cannot serve as the basis for a claim under the MMPA. *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 WL 12088132, at *2 (W.D. Mo. Oct. 17, 2012) (citing *VTEC Techs., LLC v. David A. Richard, Inc.,* No. 07–CV–45–MLM, 2008 WL 948283, at *2 (E.D.Mo. Apr. 4, 2008). Puffery has been defined as "exaggerated statements of bluster or boast upon which no reasonable consumer would rely" or "vague or highly subjective claims of product superiority." *Id.* (citing *Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390–91 (8th Cir.2004)). Comparative claims, often involving large numbers, have been held to constitute puffery "because a consumer cannot reasonably believe that there is a test behind the claim." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1531 (E.D. Mo. 1997), *aff'd* 172 F.3d 623 (8th Cir. 1999). On the other hand, "[i]f a statement is a specific, measurable claim or can be reasonably interpreted as being a factual claim, i.e., one capable of verification, the statement is one of fact" and is actionable. *Am. Italian Pasta Co.*, at 391.

Defendant contends that the following alleged representations in ¶6 of the amended complaint fall within the Eighth Circuit's definition of puffery:

 B. "brings [or gives] new life to old wood and concrete"

 G. "more than a stain"

 H. "extends the life of your deck"

 I. "don't repair, resurface"

J. "Revives Wood...Decks...,"

L. "will not 'let cracks and splinters spoil your fun"

Defendant argues that these representations are vague and subjective and that the phrase giving "life to old wood" or the determination of whether a crack or splinter might actually "spoil [a consumer's] fun" are not what the MMPA contemplates as actionable. The Court agrees. The statements listed above are neither specific nor measurable and cannot be reasonably interpreted as making a factual claim. Thus, the Court concludes that the allegations of ¶¶ 6B, 6G, 6H, 6I, 6J, and 6L of the amended complaint are insufficient to state an MMPA claim. However, the allegations in ¶¶ 6A, 6C, 6D, 6E, 6F, and 6K present specific, measurable claims or claims that can be reasonably interpreted as being factual. Accordingly, the defendant's motion to dismiss Count I will be granted in part and denied in part.

### B. Count II: Breach of Implied and/or Express Warranty

Defendant contends that the limited warranty attached to the product at issue excludes express or implied warranties. The limited warranty provides:

> Behr Process Corporation warrants that this product meets Behr's manufacturing specifications. If this product does not meet these specifications, Behr Process Corporation will, at its option and upon proof of purchase, either furnish an equivalent amount of new product to you or refund the purchase price of this product. **This guarantee excludes (1) labor and costs of labor for application or removal of any product, or (2) any incidental or consequential damages, whether based on breach of express or implied warranty, negligence, strict liability or any other legal theory**. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation may not apply to you. This warranty gives you specific legal rights and you may also have other rights, which vary from state to state. (emphasis in original)

[Doc. #17-1]

The limited warranty pertains solely to whether the product meets defendant's manufacturing specifications, and specifically excludes damages arising from the failure of the product to meet defendant's manufacturing specifications. The limited warranty does not disclaim any warranties beyond its guarantee that the product meets defendant's manufacturing specifications.

Defendant cites *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, in support of the proposition that the limited warranty disclaims all damages other than refund or replacement and excludes all other express or implied warranties. No. 4:11CV00305 AGF, 2013 WL 2628658, at *2 (E.D. Mo. June 11, 2013). However, in *Am. Auto. Ins. Co.*, the limited warranty expressly disclaimed damages of the sort the plaintiff sought, expressly voided the warranty in certain situations, and expressly disclaimed all warranties other than the limited warranty, unlike the instant warranty. Here, the limited warranty does not disclaim damages of the sort plaintiff seeks nor does it disclaim warranties similar to the ones plaintiff claims have been breached. Furthermore, *Am. Auto. Ins. Co.* involved a motion for summary judgment, not a motion to dismiss, which allowed the court to consider facts outside the pleadings.

While the limited warranty does not disclaim plaintiff's claim of breach of express and/or implied warranty, the claim still fails to the extent it is based on statements which this Court has found to be puffery. Courts have dismissed warranty claims based upon statements when a consumer cannot reasonably believe that there is a test behind a claim. *In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig.*, at 1531 (dismissing a breach of express warranty claim which was based upon statements the court determined constituted puffery). As discussed

above, ¶¶ 6B, 6G, 6H, 6I, 6J, and 6L of the amended complaint are neither specific nor measurable and cannot be reasonably interpreted as making a testable claim. These allegations are also insufficient to state a claim of breach of express and/or implied warranty.

While plaintiff has asserted a combined claim of breach of express and/or implied warranty in a single count, under Missouri law they are separate and distinct causes of action. Therefore, the Court will address the express and implied warranty issues separately with respect to the remaining statements in the amended complaint.

### 1. **Implied Warranty**

The implied warranty of merchantability warrants that the product is "fit for the ordinary purposes for which such goods are used." *Williams v. United Techs. Corp.*, No. 2:15-CV-04144-NKL, 2015 WL 7738370, at *6 (W.D. Mo. Nov. 30, 2015) (citing Mo. Rev. Stat. 400.2-314(2)(c)). "The implied warranty of merchantability does not mean a promise by the merchant that the goods are exactly as the buyer expected, but rather that the goods satisfy a minimum level of quality." *Williams v. United Techs. Corp.*, No. 2:15-CV-04144-NKL, 2015 WL 7738370, at *6 (W.D. Mo. Nov. 30, 2015) (citing *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 89-90 (Mo. Ct. App. 2011)); see also *In re General Motors Corp. Anti-Lock Brake Products Liability Litigation*, 966 F.Supp. 1525, 1533 (E.D. Mo. 1997). To recover under such a claim, "a plaintiff must prove (1) that a merchant sold goods, (2) which were not 'merchantable' at the time of the sale, (3) injury and damages to the plaintiff or his property (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury." *Kinder v. Midwest Marine,*

*Inc.*, No. 14-4133-CV-C-MJW, 2015 WL 12835687, at *4 (W.D. Mo. Mar. 20, 2015) (citing *Ragland Mills, Inc. v. General Motors Corp.*, 763 S.W.2d 357, 360 (Mo. Ct. App. 1989)).

Defendant does not dispute that plaintiff has properly pled the elements necessary to demonstrate defendant violated an implied warranty of merchantability. Instead, defendant argues that the limited warranty disclaims all implied warranties related to the product. Defendant's limited warranty only disclaimed implied warranty claims arising from failure to meet defendant's manufacturing specifications. Upon review of the amended complaint, the Court finds that plaintiff has properly pled elements necessary to demonstrate that defendant violated an implied warranty under Missouri law. Accordingly, defendant's motion to dismiss plaintiff's implied warranty claim will be denied as to the allegations in ¶¶ 6A, 6C, 6D, 6E, 6F, and 6K of the amended complaint.

### 2. **Express Warranty**

The elements of a breach of express warranty claim under Missouri law are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement was a fact that was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely manner. *Kinder*, at *5 (citing *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010)). Defendant does not contend that plaintiff has failed to properly allege a breach of express warranty claim but rather that the claim fails because the product was sold with a limited warranty. Defendant's limited warranty disclaimed express

warranty claims arising from the product's failure to meet defendant's manufacturing specifications. It did not disclaim other warranties, such as those alleged in the complaint. The Court finds that plaintiff has properly pled elements necessary to demonstrate that defendant violated an express warranty under Missouri law. Accordingly, defendant's motion to dismiss plaintiff's express warranty claims will be denied as to ¶¶ 6A, 6C, 6D, 6E, 6F, and 6K of the amended complaint.

* * * * *

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [Doc. #16] is **granted as to** ¶¶ 6B, 6G, 6H, 6I, 6J, and 6L in Counts I and II of the amended complaint **and denied as to** ¶¶ 6A, 6C, 6D, 6E, 6F, and 6K in Counts I and II of the amended complaint.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the original complaint [Doc. #8] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2017.